**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Dwayne A. Reddick


        v.                              Civil No. 05-cv-254-PB


Sue-Ellen Seabury


**REPORT AND RECOMMENDATION**


Proceeding *pro se* and *in forma pauperis* plaintiff Dwayne A. Reddick brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging that defendant illegally seized and forfeited his personal property in violation of his federally protected rights (document no. 1).  Seeking monetary relief, he brings this action against Sue-Ellen Seabury, Assistant County Attorney for Hillsborough County.

The complaint is before me for preliminary review to determine whether, among other things, it states a claim upon which relief may be granted.  See 28 U.S.C. § 1915A; U.S. District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2).  For the reasons stated below, I recommend that the complaint be dismissed without prejudice.

**Standard of Review**

In reviewing a *pro se* complaint, this court must construe the pleading liberally and in favor of the *pro se* litigant.  <u>See</u> <u>Ayala Serrano v. Gonzalez</u>, 909 F.2d 8, 15 (1st Cir. 1990) (following <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)).  At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true.  <u>See</u> <u>Aulson v. Blanchard</u>, 83 F.3d 1, 3 (1st Cir. 1996)(stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true).  This review ensures that *pro se* pleadings are given fair and meaningful consideration.  <u>See</u> <u>Eveland v. Director of CIA</u>, 843 F.2d 46, 49 (1st Cir. 1988).

**Background**

Crediting the factual allegations in the complaint as true, and construing all reasonable inferences from the pleadings in Reddick's favor, the material facts appear to be as follows. Reddick is currently incarcerated as a pretrial detainee at the Hillsborough County Department of Corrections.  He alleges that Seabury, while acting under color of state law, illegally seized

2

his personal property amounting to $2,895.00 and turned it over
to the Department of Justice.  As a result of defendant's
actions, he claims to have suffered mental and emotional
distress.  He further claims that defendant's actions rise to the
level of constitutional deprivations under the Eighth and
Fourteenth Amendments.

**Discussion**

I.   Section 1983 Claims

Section 1983 creates a cause of action against those who,
acting under color of state law, violate federal law.  See 42
U.S.C. § 1983; Parratt v. Taylor, 451 U.S. 527, 535 (1981);
Rodriguez-Cirilo v. Garcia, 115 F.3d 50, 52 (1st Cir. 1997).  In
order to be held liable for a violation under Section 1983, a
defendant's conduct must have been a cause in fact of the alleged
constitutional deprivation.  See Monell v. Dep't of Soc. Servs.,
436 U.S. 658, 692 (1978); Soto v. Flores, 103 F.3d 1056, 1061-62
(1st Cir. 1997).

The premise of Reddick's Section 1983 action is that
defendant, acting in her capacity as a state employee, deprived
him of personal property in violation of his Eighth and

Fourteenth Amendment rights[1] by illegally seizing his property and turning it over to the United States Department of Justice.

Even assuming that Reddick possesses a property interest sufficient to warrant protection under the Due Process Clause, he fails to state a claim upon which relief may be granted.  In a Section 1983 action claiming the deprivation of a property or liberty interest without procedural due process of law, a plaintiff must plead and prove that state remedies for redressing the wrong are inadequate.  See Vicory v. Walton, 721 F.2d 1062, 1066 (6th Cir. 1983).  It is well-established that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."  Hudson v. Palmer, 468 U.S. 517, 533 (1984); see also Watson v. Caton, 984 F.2d 537, 541 (1st Cir. 1993) (holding that there is no legal basis for a Section 1983 action where the allegation is that the action was derivation from, and not a reflection of, an established state procedure).

---

[1]Although characterized as Eighth and Fourteenth Amendment violations, even liberally construed Reddick's claims appear to arise solely under the Due Process Clause of the Fourteenth Amendment.

4

Reddick has neither pleaded nor shown that New Hampshire's judicial remedies are inadequate or fail to provide a postdeprivation remedy.  See Romero-Barcelo v. Hernandez-Agosto, 75 F.3d 23, 33 (1st Cir. 1996) (declining to address whether an adequate postdeprivation remedy is available under state law absent any allegation by the plaintiff).  Nor has he alleged that it would be futile to argue before the New Hampshire courts that defendants illegally seized his personal property.  Accordingly, I conclude that he has failed to state a claim under Section 1983 with regard to the alleged seizure and forfeiture of his personal property.

II.  Rule 41(g)

Rule 41(g) of the Federal Rules of Criminal Procedure provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move the property's return.  The motion must be filed in the district where the property was seized."  This is an equitable remedy, however, and is only available to a defendant who can show irreparable harm and an inadequate remedy at law.  See United State v. Akers, 201 F.R.D. 516, 518 (D. Kan. May 14, 2001). Although Rule 41(g) normally concerns property seized by federal

officials, in some circumstances it can be used to petition
federal authorities for the return of property seized by the
state.  "These circumstances include where the United States
actually possesses the property or constructively possesses the
property by: (1) using the property as evidence in the federal
prosecution; or (2) where the federal government directed state
officials to seize the property in the first place."  See United
States v. Story, 170 F. Supp. 2d 863, 866 (D. Minn. 2001)(citing
Clymore v. United States, 164 F.3d 569, 571 (10th Cir. 1999).
Reddick's cursory allegations, without more, are insufficient to
establish the extensive federal possession or control necessary
to make Rule 41(g) the appropriate vehicle by which to recover
any state-forfeited property.  Id.

### Conclusion

    For the reasons stated above, I recommend that the complaint
be dismissed without prejudice to refiling under Rule 41(g).

    If this recommendation is approved, the claims as identified
in this report and recommendation, will be considered for all
purposes to be the claims raised in the complaint.  If the
plaintiff disagrees with the identification of the claims herein,
plaintiff must do so by filing an objection within ten (10) days

of receipt of this report and recommendation, or by properly moving to amend the complaint.

Any further objections to this report and recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order.  <u>See</u> 28 U.S.C. § 636(b)(1); <u>Unauthorized Practice of Law Committee v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).


_____
James R. Muirhead
United States Magistrate Judge


Date: July 26, 2005

cc:   Dwayne A. Reddick, *pro se*